UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE CLEVELAND CLINIC FOUNDATION, | ) ) | CASE NO. 1:12CV1999 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | **OPINION AND ORDER** |
| QUINTON D. STUDER, et al., | ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of Defendants, Quinton D. Studer and Barry G. Porter, to Dismiss. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Case No. 1:10CV1957 was originally filed in this Court on September 2, 2010. Plaintiff Studer Group, filed its First Amended Complaint on September 29, 2010, seeking declaratory relief against Cleveland Clinic Foundation ("CCF"); and alleging that in 2006, Studer Group and CCF entered into a Strategic Alliance Agreement, granting Studer Group

the exclusive right to market, distribute, license and service CCF's Discharge Callback Program.  After the Agreement terminated by its own terms, Studer Group developed its Patient Call Manager Product.  Studer Group alleges CCF is asserting that Studer Group's product infringes CCF's intellectual property rights.  Studer Group is seeking a Declaratory Judgment, declaring the parties' rights under the Strategic Alliance Agreement regarding intellectual property, and declaring ownership of the Patient Call Manager Product.

On October 18, 2010, CCF filed its Answer to the First Amended Complaint and Counterclaims.  CCF seeks an accounting and  alleges, against Studer Group, Copyright Infringement; Trade Secret Misappropriation; Breach of Contract; Conversion; Unfair Competition under the Lanham Act and common law; and violation of the Ohio Deceptive Trade Practices Act.

On August 3, 2012, CCF filed the above-captioned Complaint against Quinton D. Studer and Barry G. Porter, who are alleged to be co-owners, managing members, and/or officers of Studer Group.  This Complaint was likewise assigned to the docket of this Court.  The Complaint repeats the facts, nearly *verbatim*, of CCF's Counterclaims filed in the previous matter, and alleges joint and several liability of these individuals for claims of Trade Secret Misappropriation, Copyright Infringement, Constructive Trust, and Unjust Enrichment regarding the Discharge Callback Program.

In their Motion to Dismiss (ECF DKT #8), Studer and Porter argue that CCF's claims are compulsory counterclaims which should have been brought in the prior action.  In the alternative, Studer and Porter contend that the Court should dismiss Count I of CCF's Complaint because the Ohio Trade Secret Act is preempted by the Copyright Act of 1976.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The court should disregard conclusory allegations, including legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*,

No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**Compulsory counterclaims**

Fed.R.Civ.P. 13(a)(1) provides that "[a] pleading must state as a counterclaim any claim that – a the time of its service – the pleader has against *an opposing party*..."  (emphasis added).

On the face of the earlier Complaint, Case No. 1:10CV1957, the only parties are Studer Group, LLC and Cleveland Clinic Foundation.  Studer and Porter suggest that they and Studer Group are one and the same for purposes of this Motion only, under a "mutuality of interest" and/or "functional equivalent" theory.  Studer and Porter rely upon *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384 (3rd Cir.2002), as well as *Peaktop Techs. (USA), Inc. Shareholder Derivative Litigation v. Peaktop Int'l Holdings Ltd.*, 2007 U.S. Dist. LEXIS 19755 (S.D.N.Y.), to support their argument.  These decisions are not binding upon this Court; and it is, moreover, a "slippery slope" to judicially expand the plain meaning of the terms used in Rule 13.  The Court is persuaded by the reasoning in *GIA-GMI, LLC v. Michener*, 2007 WL 1655614, *4 (N.D. Cal. Jun. 7, 2007), and declines to take that hazardous path.

> Whatever flaws Rule 13 may have, it at least has the virtue of clarity. The plain meaning of "opposing party" is a party to the lawsuit -- that is, a named party who asserted a claim against the counterclaimants. To accept the expansive definition of this term espoused by defendants would erode the Rule's clarity to the point that litigants would simply have to guess in each individual case whether a court would determine that a potential defendant to a counterclaim is an "opposing party."

**Preemption of State Law Claim**

-4-

Studer and Porter also insist that CCF's Ohio Trade Secret Act claim in Count I is preempted by the Copyright Act of 1976, U.S.C. §§ 101-132, which is the subject of Count II. However, because CCF's claim for trade secret misappropriation, unlike the Copyright Act claim, requires CCF to establish that a trade secret was acquired as a result of a breach of a confidential relationship, preemption does not apply.  There is no preemption when a state law claim mandates proof of different or extra elements than required by the federal statute. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456 (6th Cir.2001).

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #8) of Defendants, Quinton D. Studer and Barry G. Porter, to Dismiss is denied.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

**Dated:  May 29, 2013**